KING, Appellant, v. SUN PRINTING & PUBLISHING CO., Respondent. (Supreme Court, Appellate Division, First Department. October 16, 1903.) Action by Moses King against the Sun Printing & Publishing Company. No opinion. Motion granted.

KIRSOP v. MUTUAL LIFE INS. CO. (Supreme Court, Appellate Division, First Department. November 20, 1903.) Action by George Kirsop, Jr., against the Mutual Life Insurance Company of New York. No opinion. Motion denied, with $10 costs.

KNIGHT, Respondent, v. LONG ISLAND R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. November 25, 1903.) Action by Thomas G. Knight against the Long Island Railroad Company. No opinion. Judgment of the Municipal Court unanimously affirmed, with costs.

KRISCHEVSKY, Appellant, v. BATTALI, Respondent. (Supreme Court, Appellate Term. June 22, 1903.) Action by Augustus Krischevsky against Salema Battali. From a judgment in favor of defendant, plaintiff appeals. Affirmed. Wilford H. Smith, for appellant. Timothy Power, for respondent.

MacLEAN, J. This action was brought by the plaintiff, as administrator of the estate of his deceased wife, to recover upon a written acknowledgment of a loan, dated April 1, 1902, with interest. The defendant admitted the making and delivery of the admission of indebtedness, and set up payment, in proof of which she offered a receipt, dated July 14, 1902, for a larger amount. Some evidence given by the defendant was possibly objectionable under section 829, Code Civ. Proc., despite an allusion by the administrator himself to the transaction of his wife. But, disregarding the objectionable testimony, a daughter of the deceased and a neighbor gave evidence amply sufficient to show that the receipt was written in 1902 upon and coincident with the payment of the money. The judgment should be affirmed. Judgment affirmed, with costs to the respondent. All concur.

KROMER et al. v. OZAB et al. (Supreme Court, Appellate Term. November 18, 1903.) Action by Konrad Kromer and another against Otto Ozab and others. From a judgment for defendants, plaintiffs appeal. Affirmed. J. Homer Hildreth, for appellants. Charles H. Freidrich, for respondents.

BLANCHARD, J. The opinion of the justice before whom this action was tried contains an admirable discussion of the facts of the case and of the principles of law applicable thereto. His conclusions that the defendants Retman were bona fide purchasers for value from defendants Ozab and Muller, and had no notice that the sale to Ozab and Muller by the plaintiffs was a conditional sale, are correct. The judgment appealed from should be affirmed, with costs. Judgment affirmed, with costs. All concur.

KUSHES, Appellant, v. GINSBERG, Respondent. (Supreme Court, Appellate Division, First Department. October 23, 1903.) Action by Fanny Kushes against Isidore Ginsberg. B. Tuska, for appellant. C. S. Petrasch, for respondent. No opinion. Judgment affirmed, with costs.

LADD et al., Respondents, v. TURNER, Appellant. (Supreme Court, Appellate Division, Third Department. November 11, 1903.) Action by Eugene H. Ladd and William E. Smallman against Charles H. Turner. No opinion. Judgment and order unanimously affirmed, with costs.

In re LAMB. (Supreme Court, Appellate Division, First Department. November 6, 1903.) In the matter of George A. Lamb, an attorney. No opinion. Order to show cause will be granted.